TRANS ATLANTIC CO. *v.* UNITED STATES   (No. 5260)*

United States Court of Customs and Patent Appeals, April 27, 1967**

*Allerton deC. Tompkins* for appellant.

*Barefoot Sanders,* Assistant Attorney General, *Andrew P. Vance,* Chief, Customs Section, *Arthur H. Steinberg* for the United States.

[Oral argument February 8, 1967 by Mr. Tompkins and Mr. Steinberg]

Before RICH, Acting Chief Judge, SMITH, ALMOND, Associate Judges, and WILLIAM H. KIRKPATRICK**

RICH, Acting Chief Judge, delivered the opinion of the court:

This appeal is from the judgment of the United States Customs Court, Second Division, 56 Cust. Ct. 458, C.D. 2678, overruling the importer's protest against the classification of the imported merchandise. The latter consists of keyless door locks (lock sets) which include two opposing door knobs and a latch or tongue mechanically interconnected. Turning either door knob withdraws the latch from its aperture in the door frame and permits the door to be opened. This operation is said to utilize springs, inclined planes, and levers.[1]

The goods were classified under paragraph 397 of the Tariff Act of 1930, as modified by T.D. 54108:

Articles or wares not specially provided for, whether partly or wholly manufactured:

\*      \*      \*      \*      \*      \*      \*

Composed wholly or in chief value of iron, steel, copper, brass, nickel, pewter, zinc, aluminum, or other base

---

*C.A.D. 909.

**Petition for rehearing denied June 22, 1967.

***Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

[1] Each door knob, being of greater diameter than its associated spindle, is considered a lever by appellant.

metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer:

\*     \*     \*     \*     \*     \*     \*

Not wholly or in chief value of tin or tin plate:

\*     \*     \*     \*     \*     \*

Other \* \* \*_____ 19% ad val.

They are claimed under paragraph 372 of the Tariff Act of 1930, as modified by T.D. 54108:[2]

Machines, finished or unfinished, not specially provided for:

\*     \*     \*     \*     \*     \*     \*

Other \* \* \*_____ 11½% ad val.

The issue therefore is whether the imported lock sets are "machines" within the contemplation of the Tariff Act.

The Customs Court held that they were not. It reviewed several cases, its own and ours, and concluded that the mere utilization, in the imported devices, of springs, levers, and inclined planes would not, of itself, require their classification as machines.[3] In the court's opinion, the lock sets did not "fall within the common meaning of the term 'machines'" nor were they "commercially bought and sold as such."

The parties seem to agree that common meaning is determinative. "[E]ach case must be decided on the basis of its own facts." *United States* v. *Idl Mfg. & Sales Corp.*, 48 CCPA 17, C.A.D. 756.

Appellant thus argumentatively describes the lock sets and their operation:

When one of the knobs \* \* \* (when on a closed door) is turned by hand in a rotary motion, the energy is transmitted through an attached spindle and, by tangential force, depresses two springs as well as the back set \* \* \*. This withdraws the tongue or latch from the lock aperture of the strike plate which is on the door frame (opens the lock) and permits the door to open. When the knob is released the energy in the springs returns the latch on the back set to its normal tongue-out position. When the door is closed the tongue or latch, which is an inclined plane, meets the strike plate [and] it pushes in the tongue or latch and depresses the springs in the back set and in the casing \* \* \*. When the door closes far enough the latch, by means of the energy stored in the depressed springs, springs out into the lock aperture of the strike plate, thereby locking the door \* \* \*.

It is a mechanical locking device \* \* \* a mechanical apparatus \* \* \* which automatically transmits, utilizes and modifies energy \* \* \*. It has 3 springs \* \* \* and 2 levers \* \* \* and it utilizes 2 inclined planes to change the direction or motion of a force \* \* \*.

---

[2] A rate of duty of 10½% ad val. is specified for "Machines, finished or unfinished, not specially provided for: \* \* \* Other \* \* \*" in T.D. 55615, which was in effect on the date of entry of some of the lock sets and that rate of duty is claimed therefor.

[3] The court seemed to rely especially on *M. Pressner & Co.* v. *United States*, 22 Cust. Ct. 80, C.D. 1164, *affirmed*, 38 CCPA 8, C.A.D. 431, in which a zipper, despite its utilization of the inclined plane, was held not to be a machine and on *United States* v. *Wm. Goldenblum & Co.*, 18 CCPA 367, T.D. 44616, in which carpenter's braces, despite utilization of leverage, were also held not to be machines.

Appellant then argues that an analysis of five of our cases, involving respectively a manually-operated pulley used to raise and lower a lighting fixture,[4] a manually-operated paper punch,[5] a simple manually-activated tallying register,[6] a "finger-operated" device to sharpen razor blades,[7] and a shoe-stretching device,[8] will show that these lock sets, also simple manually-operated devices, are *sufficiently complex* to be "machines."

It is, however, common meaning rather than complexity which is determinative. *United States* v. *Idl Mfg. & Sales Corp.*, supra. Appellant's witness has testified that these lock sets are not known as machines "in the general trade." Nor do they seem compellingly analogous to other devices concededly machines within the meaning of the tariff law. They, unlike most of the devices in the cited cases, do not *make* or *act on* something outside themselves. Complexity alone is urged. It is not enough.

The judgment of the Customs Court is *affirmed.*

*Allerton deC. Tompkins* for appellant.

*Barefoot Sanders*, Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section, *Harold L. Grossman* for the United States.

---

[4] *Nord Light, Inc.* v. *United States*, 49 CCPA 12, C.A.D. 786.

[5] *United States* v. *Idl Mfg. & Sales Corp.*, 48 CCPA 17, C.A.D. 756.

[6] *United States* v. *Endlein & Schmidt*, 22 CCPA 108, T.D. 47082. The issue there was whether the articles were machines or devices for measuring time, distance, etc. The court commented :

> There has been no suggestion in the instant case of the applicability of any paragraphs of the respective tariff acts other than those above quoted, and the case has been considered solely upon the issue presented between them.

[7] *United States* v. *Guth Stern & Co.*, 21 CCPA 246, T.D. 46777.

[8] *United States* v. *Laing Harrar & Chamberlain*, 21 CCPA 235, T.D. 46763.

